GEORGE W. MILLER, *Plaintiff in Error*,

*vs.*

HENRY D. WATERMAN and HEMAN W. SMITH, *Defendants in Error.*

ERROR TO ROCK COUNTY COURT.

The receiving notice in conformity with sections 57–60, of chapter 98, of the Revised Statutes, by a party 'to a cause, from the adverse party, to appear and testify, does not entitle him to testify in his own behalf, nor make him a general witness in the cause, unless he is examined by the adverse party.

This was an action of trespass *de bonis asportatis*, commenced by the present plaintiff in error against the defendant in error, before a justice of the peace. The plea was the general issue, with notice of justification. The trial was had before the justice, who rendered judgment in favor of the plaintiff for the value of the property as proved.

Previous to the trial, the plaintiff had given notice to Smith, one of the defendants, to appear and testify in the cause, but did not call and examine him. After the plaintiff had rested, the counsel for the defendants called and offered the defendant, Smith, as a witness, on the ground that he had been notified by the plaintiff to appear and testify. He was objected to by the plaintiff and rejected by the justice. For this alleged error the cause was removed to the County Court, where the judgment of the justice was reversed. It is now brought here by writ of error.

*W. M. Crozier*, for the plaintiff in error.

*Noggle & Pritchard*, for the defendants in error.

*By the Court*, SMITH, J.   The decisive point in this
case is presented by the ruling of the County Court
in regard to the rejection of the defendant, Heman W.
Smith, offered as a witness by the defendants in error
before the justice.

It seems the defendant Smith was notified by the
plaintiff to appear and testify in the cause, but was
not called and examined by him.   After the plaintiff
had rested, the defendants called the said defendant,
Smith, and offered him as a witness, but he was reject-
ed by the justice.   The plaintiff had judgment before
the justice, and the defendant removed the cause by
certiorari to the County Court, where the judgment
of the justice was reversed for the alleged error of
the justice in rejecting Smith as a witness.

At the last term of this court, the question here
presented was settled.   *Hart vs. Janes*, 1 *Wis. R.* 61.
We there held that the receiving notice, under sec-
tions 57–60, of chapter 98, of the Revised Statutes,
by a party to a cause to appear and testify, in con-
formity therewith, does not entitle such party to tes-
tify in his own behalf, nor make him a general wit-
ness in the cause, unless he is examined by the ad-
verse party.   The difference between the provisions
of the old Revised Statutes of the Territory, and the
present, was then pointed out, and the rule of prac-
tice under, and the construction of, the present statute
was definitely settled.

The writ of error in this case was brought before
the decision in *Hart vs. Janes*, was published, and the
counsel for the plaintiff was doubtless misled by for-
mer adjudications upon the old Statutes.   The Coun-
ty Court erred in the construction which it gave to
the present statute, and its judgment must be reversed
with costs.